(No. 1436—

COMMERCIAL SOLVENTS CORPORATION, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed November 12, 1930.*

GILLESPIE, BURKE & GILLESPIE, for claimant.

OSCAR E. CARLSTROM, Attorney General; DAVID J. KADYK, Assistant Attorney General, for respondent.

Mr. JUSTICE THOMAS delivered the opinion of the court:

Claimant is a corporation organized under the laws of Maryland. It filed its application for a certificate of authority to do business in Illinois July 13, 1923, and the certificate was issued August 3, 1923. Thereafter it made annual reports for the years 1924 to 1926 inclusive to the Secretary of State as required by the provisions of the General Corporation Act. The Secretary of State computed the initial fees and franchise taxes to be paid by claimant pursuant to the provisions of Sections 96, 101 and 105 of the General Corporation Act then in force. He also assessed additional initial fees for the years 1925 and 1926 pursuant to the provisions of the same sections. These fees and taxes aggregated the total sum of $16,887.01, all of which was paid by claimant, during the years for which they were assessed.

In the case of *The O'Gara Coal Co.* v. *Emmerson* the Supreme Court at its April term in 1927 held Sections 96, 101 and 105 of the General Corporation Act invalid as against foreign corporations, and claimant has filed this suit asking to have these fees and taxes refunded to it by the State, alleging they were paid under protest, duress and compulsion.

The fees and taxes for the year 1923 amounted to

$4,802.86 and were paid on August third of that year. This suit was filed February 18, 1929, more than five years after these taxes were paid. Section 10 of the act creating the Court of Claims provides that every claim against the State cognizable by the Court of Claims shall be forever barred unless the claim is filed with the Secretary of the court within five years after the claim first accrues, saving to persons under disability two years from the time the disability is removed. This statute is mandatory and the court has no power to make an award for a claim that does not come within its terms. It follows that no award can be made for the initial fees and taxes of $4,802.86 paid August 3, 1923.

It is the settled law of this State that taxes voluntarily paid cannot be recovered back. This claimant concedes. It becomes necessary therefore to determine whether or not claimant paid these fees and taxes voluntarily or under protest, compulsion and duress. The facts in the case have been stipulated. This stipulation recites: "(12) That the only initial fee, franchise tax or additional initial fee paid by claimant under protest during said years, 1923 to 1926 inclusive were the initial fees and franchise tax paid by claimant on August 3, 1923, in the aggregate sum of $4,802.86. (13) That claimant paid the initial fee, additional initial fee and franchise taxes in question without duress or compulsion other than the force, forfeitures and penalties of the General Corporation Act of 1919, as amended and in force during the year 1923 to 1926, inclusive." In the statement of its case claimant says, "No protest was made by claimant in the payment of any initial fee, additional initial fees or franchise taxes assessed against it upon the basis of the unconstitutional sections of said act, except the payment of the initial fee and franchise taxes paid by it during the years 1923 to 1926, inclusive." In the statement of its case claimant says, "No protest was made by claimant in the payment of any initial fee, additional initial fees or franchise taxes assessed against it upon the basis of the unconstitutional sections of said act, except the payment of the initial fee and franchise taxes paid by it during the year 1923 at the time it was granted its original certificate of authority to do business in the State of Illinois. Claimant paid the initial fee, additional initial fees and franchise taxes in

question without duress or compulsion other than the force, forefeitures and penalties of the General Corporation Act of 1919, as amended and in force during the years 1923 to 1926, inclusive.''

It is not contended that the Secretary of State made a mistake in the computation of the fees and taxes paid by claimant. The contention is that the sections of the statute which he followed in making the computations were unconstitutional and void as against claimant and therefore he had no right to demand them and claimant was not legally required to pay them.

The fact that a tax is illegal or that it was paid under an unconstitutional statute will not give the tax payer the right to its recovery if it was paid voluntarily. (*Board of Education* v. *Toennings*, 297 Ill. 469.) The fact that the officer to whom the tax was paid had no right to receive it and the person paying was under no legal obligation to pay it does not change the rule. (*Ill. Glass Co.* v. *Chicago Tell. Co.*, 234 Ill. 535; *School of Domestic Arts* v. *Harding*, 331. Ill. 330.)

At the time these fees and taxes were assessed and paid the Secretary of State believed the law under which he computed them to be valid. It is not contended that any fraud or misrepresentation was practiced upon claimant by the Secretary of State in the computation and collection of these fees and taxes. Neither is it contended that he used any duress or compulsion to enforce their payment. With the exception of the first payment in August, 1923, they were all paid without protest, and for the years 1925 and 1926 they were paid before they were due. We think it is obvious that claimant believed the law under which the taxes were paid was valid and paid them in that belief. Such a payment is voluntary. If the payment of these fees and taxes had been made voluntarily and with the intention of seeking to have them refunded, the presumption is that claimant would have availed itself of the method provided by law to prevent the Secretary of State from paying them into the State Treasury until their validity could be established. (*Richardson Lubricating Co.* v. *Kinney*, 337 Ill. 122.) It will be presumed, in the absence of evidence to the contrary, that all payments of taxes were voluntary. (*Yates* v. *Royal Ins. Co.*, 200 Ill. 202.) And the fact that the party paying the tax paid it under

mistake as to his legal obligation to pay it does not, of itself, give him the right to have it refunded. (*Illinois Merchants Trust Co.* v. *Harvey,* 335 Ill. 284.)

It is urged by claimant that these fees and taxes were paid under duress and compulsion because the statute subjected it to certain forfeitures and penalties if it refused to pay them. No protest was made by claimant against paying them at the time they were paid, and there is nothing in the record to show they were paid to avoid these forfeitures and penalties. Mere knowledge of the fact that failure to pay them would subject claimant to a forfeiture of its right to transact business in the State does not alone constitute duress. *(Yates* v. *Royal Ins. Co., supra.)* And one who pays a tax he believes to be legal will not afterwards be heard to say he was coerced into doing so. (*Richardson Lubricating Co.* v. *Kinney, supra.*)

If claimant believed these fees and taxes were illegal and that the Secretary of State had no right to collect them it was not required to pay them in order to avoid the imposition of the forfeitures and penalties mentioned in the statute. It could have filed a bill in equity to restrain the Secretary from collecting the fees and taxes and enforcing the forfeitures and penalties. It has long been the rule in this State that where a tax has been laid under an unconstitutional law courts of equity will interfere by injunction to prevent the collection of the tax. (*Drainage Comrs.* v. *Kenney,* 233 Ill. 67; *Baltica Ins. Co.* v. *Carr,* 330 Ill. 608.)

Claimant had another remedy to have the validity of these fees and taxes determined by a court of equity. Section 2A of the act in relation to the payment of public money into the State Treasury provides that every officer receiving public money paid under protest shall hold such money thirty days and on the expiration of that period deposit the same with the State Treasurer unless the party making such payment shall within that period file a bill in chancery and secure a temporary injunction restraining the making of such deposit, in which case such payment shall be held until the final order or decree of the court. If claimant believed the fees and taxes to be illegal at the time it paid them and paid them with the intention to afterward ask for their refund we think it would have availed itself of these provisions of the law.

If one may avoid the payment of an illegal demand by

446

resorting to such a remedy in equity but does not avail himself of such remedy the payment is not compulsory. *(Ill. Merchants Trust Co. v. Harvey, supra.)* It follows that the payment of these fees and taxes by claimant were voluntary and not under compulsion.

The claim is therefore denied and the case dismissed.